# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

FELIX MARTINEZ,

    Plaintiff,

v.

                                          No. 1:16-cv-01413-WJ-KRS

NANCY A. BERRYHILL, Acting
Commissioner of the Social Security
Administration,

    Defendant.

## PROPOSED FINDINGS AND
## RECOMMENDED DISPOSITION

Plaintiff Felix Martinez seeks review of the Social Security Administration's denial of his applications for disability insurance benefits and supplement security income. *See* 42 U.S.C. §§ 423 & 1381a. Pursuant to an order of reference from Chief United States District Judge William Johnson to propose findings and recommend a disposition, *see* 28 U.S.C. § 636(b)(1)(B), the Court has reviewed the administrative record and considered Martinez's motion to reverse and remand the agency's decision, the Commissioner's response in opposition, and Martinez's reply. (*See* Docs. 13, 19, 21, & 22). Because the Administrative Law Judge ("ALJ") failed to properly evaluate Martinez's credibility in determining he could perform sedentary work, the Court **RECOMMENDS** Martinez's motion be **GRANTED** and the matter be **REMANDED** to the agency for additional proceedings.

### I.    BACKGROUND

Martinez alleged disability beginning June 2, 2012 at age forty four and continuing until December 31, 2017, the date he last qualified for benefits.[1] (AR 18). Following a hearing, ALJ

---

[1] At the hearing, the ALJ noted that Martinez remained insured through at least the end of 2018. (AR 38). The precise date of last insured is not challenged here and, in any event, not outcome determinative because Martinez additionally seeks supplemental security income.

Michelle Lindsay denied Martinez's application for benefits. (AR 15-33). At step three of the five-part framework[2] used to evaluate disability, the ALJ concluded that Martinez's internal knee derangement, gout, and degenerative joint disease of the shoulders, conditions which the ALJ determined were severe, neither met nor equaled a listed impairment the agency has determined to be presumptively disabling. (AR 21-22). At steps four and five, the ALJ decided that while Martinez could not return to his past heavy labor positions, he retained the residual functional capacity ("RFC") to perform sedentary work[3] and qualified for jobs abundant in the national economy such as addresser, toy stuffer, and document preparer. (AR 22-29). The ALJ's decision became the agency's final action on November 1, 2016 when the Appeals Council denied review. (AR 1-5). This appeal followed. (Doc. 1).

## II. STANDARD OF REVIEW

This Court reviews the ALJ's decision to determine whether it is supported by substantial evidence and the ALJ applied the correct legal standards. *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). If substantial evidence supports the conclusion that the plaintiff is not disabled and the ALJ followed the law, the plaintiff is not entitled to relief. *See Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). The term "substantial evidence" means that which "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1118 (citation and internal quotation marks omitted). Even if the Court could reach the opposite conclusion, the decision must stand if the record as a whole is not "overwhelmed by other

---

[2] The five-part sequential analysis is used to determine disability where, as here, a plaintiff's application has been denied both initially and on reconsideration. *See* 20 C.F.R. §§ 416.920(a)(4)(i) – (iv)404.1520(a)(4)(i)-(v). The framework asks whether the plaintiff (1) has engaged in "substantial gainful activity" (Step 1); (2) has a "severe medically determinable . . . impairment . . . or a combination of impairments" that either has lasted or is expected to last at least one year (Step 2); (3) has impairments that meet or equal one of the presumptively disabling impairments the agency has listed (Step 3); (4) is unable to perform her "past relevant work" (Step 4); and (5) retains the residual functional capacity to perform work in the national economy in light of her age, education, and work experience (Step 5). *Id.* The parties do not challenge the ALJ's determination that Martinez has not engaged in substantial gainful activity since his onset date and that he suffers from severe impairments at steps one and two respectively. For the sake of brevity, the Court does not further recount them.

[3] The ALJ's RFC of sedentary work was further limited: "[Martinez] can only occasionally climb stairs and ramps, balance, and crouch; never climb ladders, ropes, or scaffolds; and, he must avoid unprotected heights." (AR 22).

evidence" to the contrary or unless a "mere scintilla" supports it. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006).

### III. ANALYSIS

Martinez challenges the ALJ's decision on three grounds: the ALJ failed to (1) properly evaluate Martinez's credibility in rejecting the limiting effects of his symptoms and pain; (2) conduct a function-by-function analysis in crafting Martinez's RFC; and (3) correctly calculate the number of jobs available in the national economy that Martinez is capable of performing. Because the Court concludes that the ALJ improperly evaluated Martinez's credibility, his self-described limitations, if credited, will affect the ALJ's RFC on remand, and the step-five jobs' finding is dependent on an RFC that incorporates all Martinez's functional limitations, the Court recommends a remand on the first issue. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

### A. Adverse Credibility Finding

If Martinez is believed, he cannot perform sedentary work. At the administrative hearing, Martinez testified that his pain precludes him from walking more than a block, even with a cane, standing more than five to ten minutes, sitting for more than ten to fifteen minutes, and lifting more than five to ten pounds. (AR 51-53). Under agency guidelines, however, sedentary work requires an ability "to walk 2 hours out of an 8-hour workday" and sit "about 6 hours of an 8-hour workday." SSR 96-6p, 1996 SSR LEXIS 6, *8-9. The ALJ did not credit Martinez's self-described limitations and therefore did not include them in the RFC. Although Martinez's "impairments could reasonably be expected to cause the alleged symptoms," the ALJ found Martinez's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible[.]" (AR 23). Martinez argues this adverse credibility determination amounts to reversible error.

Although "[c]redibility determinations are peculiarly the province of the finder of fact," an adverse finding must "be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988). In practical terms, "a conclusion in the guise of findings" means the ALJ's reliance on boilerplate language reciting the regulations governing credibility determinations and concluding "that full consideration ha[s] been given to the subjective complaints in accordance with the [regulatory factors]." *Hardman v. Barnhart*, 362 F.3d 676, 679 (10th Cir. 2004). The purpose of the ALJ's obligation to closely and affirmatively link findings to the record is to ensure that a reviewing court can meaningfully "assess whether relevant evidence adequately supports the ALJ's conclusion [.]" *Id*. at 679.

In evaluating a plaintiff's claims of disabling limitations, the ALJ is required to consider "the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." SSR 16-3p, 2016 WL 1119029, at *4 (March 16, 2016). The ALJ also examines (1) the plaintiff's daily activities; (2) "the location, duration, frequency, and intensity of pain or other symptoms"; (3) precipitating and aggravating factors; (4) medication taken for the pain or symptoms, including "type, dosage, effectiveness, and side effects"; (5) other forms of treatment or others measures used to alleviate symptoms; and (6) other factors that concern the plaintiff's "functional limitations and restrictions due to pain or other symptoms." *Id.*, at *7.

The Court cannot discern where the ALJ undertook the required analysis. The ALJ's decision makes a single conclusory reference to Martinez's credibility at the beginning of the RFC discussion. (AR 23) (concluding that Martinez's "statements concerning the intensity, persistence, and limiting effect of these symptoms are not entirely credible for the reasons

explained in the decision"). But the Tenth Circuit has held such language alone to be insufficient. *See Hardman*, 362 F.3d at 678. Although promised by the ALJ, there are in fact no reasons given, which makes it impossible to determine whether evidence supports them. Instead, the ALJ simply recites the medical evidence and in a way that lends support Martinez's subjective complaints.

For example, the ALJ observed Martinez had diagnoses of gout and osteoarthritis; underwent multiple knee surgeries; diagnostic imagining establishing degenerative changes in the spine, knees and shoulders, joint effusion, meniscal tears, focal bone marrow edema, and inflammation and cartilage softening of the patella; and reported knee, shoulder, hip, and hand pain to his medical providers. (AR 22-27). In terms of daily living, the ALJ highlighted Martinez's reports to his doctor that he could not take his socks off because of an inability to bend his knees and that the same doctor observed Martinez was somewhat limited by pain most of the time. (AR 26). The ALJ also detailed an exchange between Martinez and his doctor where the doctor explained Martinez "might not get better from the [knee] surgery." (AR 25).

According to the ALJ, Martinez reported using a cane to ambulate and had difficulty completing physical therapy because "exercise seemed to increase his pain." (AR 26-27). The ALJ referenced a non-medical "pain questionnaire" from Martinez and a "function report" from his significant other. (AR 26). As described by the ALJ, Martinez reported in his questionnaire that he has "constant pain in his feet, knees and legs." (*Id*.). Martinez's significant other confirmed he had difficulty bending, had to lay down to put his clothes on, did laundry and light cleaning, socialized, and went to church twice a week. (AR 26-27). The ALJ herself agreed that Martinez's "limitations are primarily due to pain" and actually *discounted* the opinions of non-examining physicians because they *failed* to account for the limiting effects of that pain. (AR 27).

From the discussion of the evidence in the case, the Court does not understand why Martinez lacks credibility and why his complaints of pain and limitations should be discounted. The ALJ's determination lacks findings that are closely and affirmatively linked to the record. In a final sentence at the conclusion of the RFC analysis, the ALJ intimates that Martinez is capable of sedentary work because of his abilities to perform daily activities and a part-time job that requires him to frequently get in and out of a car. Both of these factors obviously could support rejecting Martinez's subjective contentions.[4] The problem is there is no general or specific discussion of how (and what) daily activities show Martinez is untruthful and can, in fact, undertake sedentary work. In terms of employment, the ALJ acknowledged the part-time job does not amount to substantial gainful activity and the ALJ did not cite this employment as a basis to reject Martinez's credibility. The ALJ did not address the dire economic circumstances that Martinez says led him to work in the first place or the pain the part-time job causes him. (AR 38; 56). Finally, the ALJ did not explain why Martinez getting in and out of a car as part of his job renders his testimony incredible and proves him more capable of sustained fulltime sedentary work.

There may well have been reasons for discounting Martinez's subjective complaints of pain and limitations in arriving at an RFC of sedentary work. The Court, however, cannot discern them here. The Court therefore recommends that the matter be remanded to the ALJ to properly evaluate Martinez's credibility, formulate an RFC that includes, if appropriate, Martinez's self-described limitations, and determine based on a legally sound RFC if sufficient jobs in the national economy exist that Martinez can perform.

---

[4] The Commissioner relies heavily on portions of the ALJ's recitation of medical evidence and record that the Commissioner believes are indicative of Martinez's ability to do more than Martinez says. The problem for the Commissioner is that neither she nor the Court may, after the fact, give reasons for an adverse credibility finding that the ALJ did not express or even suggest. *See Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) (explaining that "this court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself").

## IV. CONCLUSION & RECOMMENDATION

For the reasons stated above, the Court determines that the ALJ erred in evaluating Martinez's credibility and the RFC is unsound as a result as is the ALJ's conclusion that Martinez is capable of working as addresser, toy stuffer, and document preparer.

**IT IS, THEREFORE, RECOMMENDED** that Martinez's motion to remand (Doc. 19) be **GRANTED** and this matter be **REMANDED** for additional proceedings as described above.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

**WITHIN FOURTEEN (14) DAYS AFTER A PARTY IS SERVED WITH A COPY OF THESE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, THAT PARTY MAY, PURSUANT TO 28 U.S.C. § 636(B)(1), FILE WRITTEN OBJECTIONS TO SUCH PROPOSED FINDINGS AND RECOMMENDED DISPOSITION. A PARTY MUST FILE ANY OBJECTIONS WITH THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO WITHIN THE FOURTEEN (14) DAY PERIOD ALLOWED IF THAT PARTY WANTS TO HAVE APPELLATE REVIEW OF THE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION. IF NO OBJECTIONS ARE FILED, NO APPELLATE REVIEW WILL BE ALLOWED. PURSUANT TO FED. R. CIV. P. 72(B)(2), A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE OBJECTIONS.**